CaRTJTHERS, J.,
delivered the opinion of the Court.
This action of ejectment was brought by Davis, to recover a tract of land of one hundred acres in Obion county. He succeeded below, and the case must turn upon the charge of the Court in favor of the validity of his title under an attachment proceeding, instituted by Davis against Leonard Cheatham, as auxiliary to an action of tort for assault and battery, then pending. This tract of land was attached; and after the recovery of $2500 damages in the action against Cheatham, was sold, and bought by Davis under an order of sale founded upon the attachment.
If the attachment was illegal, the title fails. In Thompson vs. Carper, 11 Humph., 544, it is held that this process may be resorted to under the act of 1843, *454 ch. 29, rs auxiliary to a suit for tort as "well as upon contract. But, in such a case, it was held to he essentially necessary “that it should he stated in the affidavit, and alleged in the attachment, that a suit had been commenced hy the plaintiff against the defendant, the nature thereof, the tribunal in which it is pending, the amount of damages laid in the action, and that the cause of action stated is just.”
1. The attachment in this case has no reference of any kind to the action of trespass, in aid of which it was issued. The petition to the judge for the process does refer to and describe the suit, etc., as required by the above rule, but this does not supersede the necessity of the same recitals in the writ itself.
2. The petition for this writ is sworn to before the clerk of the Court, addressed to the Judge, upon whose fiat the bond is taken, and the writ signed and issued by the clerk. Had the clerk any such authority by law, or could the Judge delegate it to him ? By the act of 1848, under which alone the proceeding is authorized,the writ is to be obtained “ in the same manner as such process may be obtained against absconding or non-resident debtors, under the different statutes now [then] in force in this State.” There was then no authority by any statute for the clerks of the Circuit Court to issue process of this kind; nor was there any such ever communicated to that officer until the act of 1852, ch. 365, § 11. This enactment of itself raises an implication, at least, that such was not the law before. But it is clear that, previous to this last act, the authority to issue this process was confined to judges and justices of the peace. The reason for this was good. The attachment was a *455 strong remedy. The property of a man -was taken into the custody of the law before he was heard upon the claim set up against him. The law, then, until the late act, which is of most questionable propriety, required the judgment of a judicial officer, upon the ground of the application as well as the sufficiency of the bond to be given to indemnify against a wrongful issuance of such process. At all events, let the reasons of the old law and the change be good or bad, so it was written. The attachment in this case was issued in 1850, and must therefore fall under this objection. It may also be observed that the writ of attachment in this case was not even signed by the clerk officially; and if is only by inference from other portions of the record that it can be known that J. H. Meacham was the clerk of the Circuit Court of Obion.
This process was levied upon the land in controversy by the sheriff on the 26th June, 1850.
The defendant relied upon a deed from Leonard Cheatham to H. E. Cheatham, dated April 1, 1850, but not registered till 28th June, 1850 ; a deed from II. E. Cheatham to W. B. Morris, dated 1st January, 1851, and proved that said Morris died, leaving her in possession as his widow.
The judgment of Davis against Leonard Cheatham in the action of trespass was obtained June 27th, 1854. Upon this judgment execution issued 11th December, 1854, which was also levied upon this land; and the same was sold on 5th January, 1855, under this levy as well as the order of sale on the attachment issued on the same day.
It will be seen from these facts that the deed under which the defendant claims, though dated in April, 1850, *456 was not registered until 28th June, 1850, which was two days after the attachment was levied upon the land. But the attachment being void, as we have seen, is not in the way of the deed, as no title can be derived under it.
The result is, that unless the plaintiff’s title is good under his judgment and execution sale, the defendant must prevail. But his judgment being several years younger than the deed, cannot prevail over it, unless it can be successfully impeached for fraud, so as to affect the defendant ; which may become a question in another trial. We, of course, intimate no opinion on any question which may arise on that aspect of the case.
The judgment will be reversed for the error designated in the charge of the Court, and the cause remanded for a new trial.